```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
UNITED STATES OF AMERICA,                                   :
                                                            :
        -v-                                                 :      18-CR-830 (VSB)
                                                            :
MUHAMMAD KHALID KHAN,                                       :            ORDER
                                                            :
                        Defendant.                          :
                                                            :
------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/4/2020

VERNON S. BRODERICK, United States District Judge:

      On April 24, 2020, Defendant Muhammad Khalid Khan ("Defendant" or "Khan") filed a letter motion seeking release pursuant to Title 18, United States Code, Section 3145(c), (Doc. 25), and the Government filed its opposition on April 27, 2020, (Doc. 26).  Defendant—who is detained at the Metropolitan Detention Center ("MDC")—seeks release from custody pursuant to Title 18, United States Code, Section 3145(c), because he claims his detention at MDC will "expose him to increased risk of contracting COVID-19." (Doc. 25 at 1.)  Section 3145(c) relates to appeals from release or detention orders, and provides that "[a] person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." 18 U.S.C. § 3145(c).

      On April 29, 2019, Defendant consented to detention without prejudice to making a bail application in the future. (Doc. 6.)  The docket does not indicate that Defendant has had a detention hearing since April 29, 2019, or that he is the subject of a detention order.  It is hereby

      ORDERED that: (1) the parties meet and confer concerning whether section 3145(c) is

the correct statute for Defendant's release application and if not what statutory provision applies; (2) the parties meet and confer concerning whether a detention hearing must be held in connection with Defendant's application; and (3) if a detention hearing is required, whether Defendant will waive his presence at a telephonic detention hearing.

IT IS FURTHER ORDERED that the parties meet and confer concerning items (1) through (3) above and provide the Court with responses by the close of business on Tuesday, May 5, 2020.

IT IS FURTHER ORDERED that if a hearing is required and Defendant will waive his appearance, counsel should also inform the Court by the close of business on Tuesday when counsel would be available for a telephonic detention hearing over the next few days, and provide such dates to the Court in a joint letter on or before Tuesday, May 5, 2020.

IT IS FURTHER ORDERED that, regardless of whether or not the parties believe a detention hearing is necessary, the parties are directed to answer the following questions on or before Wednesday, May 6, 2020:

1. Defendant's health:
    a. Other than the proffer of information contained in Defendant's April 23, 2020 letter, is there any support for the health conditions identified in that letter?
    b. Are there any medical records related to Defendant's alleged health conditions?
    c. Does Defendant's medical records generated by the Bureau of Prisons ("BOP"), if any, support or not support Defendant's application for release?

    d. Has Defendant sought medical care during the period prior to his extradition?

    e. Has Defendant sought medical care since being taken into BOP custody? If so, please provide the documentation, in any, related to the request(s)?

    f. What contacts does Defendant have to New York City or the surrounding metropolitan area? If Defendant has no contacts to New York City, does Defendant have any contacts within the United States? If so, what contacts does Defendant have within the United States?

    g. Is there any evidence, other than what is contained in Defendant's submission, that any of the health conditions Defendant alleges he suffers from place him at increased risk of serious illness and death if he contracts COVID-19?

2. Immigration status:

    a. Have any foreign national defendants been granted bail by a federal court based upon their applications for release on bail related to the COVID-19 pandemic? If so, on what conditions were these defendants released?

    b. Is there a detainer currently lodged against the Defendant?

3. What bail package is Defendant proposing, including co-signers, security, if any, and the location where he intends to reside if released on bail?

4. Was any portion of the four-kilogram sample tested? If so, what were the results of that test?

5. Does Defendant agree that he is subject to the presumption that "no condition or combination of conditions will reasonably assure [his] appearance . . . as required and the safety of the community," 18 U.S.C. § 3142(e)(3)?

   a. Other than the strict conditions of home incarceration with GPS monitoring proposed by Defendant, what evidence does Defendant rely on to rebut the statutory presumption that he presents a risk of flight?

   b. Other than the strict conditions of home incarceration with GPS monitoring proposed by Defendant, what evidence does Defendant rely on to rebut the statutory presumption that he presents a danger to the community?

SO ORDERED.

Dated:   May 4, 2020
         New York, New York

*Vernon Broderick* (signature)
Vernon S. Broderick
United States District Judge