```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
                                                         :
UNITED STATES OF AMERICA,                                :
                                                         :
                         -v-                             :
                                                         :          S2 18-CR-830 (VSB)
MUHAMMAD KHALID KHAN,                                    :
    a/k/a "KK,"                                          :              ORDER
                                                         :
                         Defendant.                      :
                                                         :
---------------------------------------------------------X
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/22/2021
```

VERNON S. BRODERICK, United States District Judge:

      As the parties are aware, sentencing of Defendant Muhammad Khalid Khan ("Khan" or "Defendant") is scheduled in this matter for Friday, April 23, 2020, at 10:00 a.m.  I have completed my initial review of the Presentence Report ("PSR"), the defense sentencing submission, and the Government's sentencing submission.  Based upon that review, it is hereby:

      ORDERED that the parties shall provide the following requested documents prior to sentencing and shall be prepared to discuss/answer the following topics and questions either at sentencing or prior to sentencing:

1. The Government shall provide a copy of any report and/or notes taken during Defendant's safety valve proffer.

2. On page 5 of the defense submission it states "Since his incarceration, Mr. Khan's mother has suffered a stroke and her health is declining rapidly."  What is the basis for this statement?  Is there any other location in the defense submission with the stroke is discussed?

1

3. Do Defendant's medical records support the assertion that medical professionals proscribed medication for Defendant that were not filled by the Bureau of Prisons? If so, how many times did this occur?

4. Does Defendant and/or his family own Bismillah & Co ("B&C")?

    a. What was the gross and net annual revenue of B&C in 2020?

    b. Does Defendant and/or his family operate the branches of B&C?

    c. What was Defendant's salary in 2019 from the work he did at B&C?.

5. What is the support for the assertion that Defendant lied during the instant offense about his ability to obtain and transport narcotics and/or his ability to launder money?

6. What is the evidence that Defendant was not lying during the instant offense?

7. Does the Government have Defendant's passport?

    a. What countries does the passport indicate Defendant traveled to between 2017 and 2019?

    b. What countries does the passport indicate Defendant traveled to prior to 2017?

8. Did the Government seize Defendant's cell phone?

    a. Did the Government obtain Defendant's cell phone records?

    b. Did the Government search the contents of Defendant's cell phone? If so, was there any proof of his narcotics trafficking and/or his money laundering on his cell phone?

9. During the instant offense Defendant claimed to have access to 150 kilograms of "opium" for sale in Toronto, Canada.

    a. What is the proof that this was a true statement?

    b. Is there any information that confirms that Defendant had access to 150 kilograms of "opium" in Canada?

10. In the Summer of 2018 Defendant was arrested in Nigeria and eventually extradited to the United States.

    a. At the time Defendant was arrested in Nigeria was he offered the opportunity to cooperate?

    b. According to the Government's sentencing submission, on June 29, 2018, Defendant told UC-2 that he had 200 kilograms of heroin in a country in East Africa. Does the Government have any evidence that confirms Defendant's assertion? Does the Government have any information concerning where in East Africa the 200 kilograms of heroin were located?

11. On page 5 of the Government's submission the Government discusses Defendant's proffer sessions with the Government. To the extent the Government is permitted to comment on Defendant's proffer sessions,

    a. Did the Government believe Defendant's statements during the proffer sessions?

    b. Did the Government believe Defendant was minimizing his involvement in narcotics trafficking?

    c. Did the Government believe Defendant was minimizing his involvement with money laundering?

    d. The Government states that "Unfortunately, the Government and the DEA assessed that the information Khan provided was limited, and insufficiently specific and actionable to provide substantial assistance in the foreseeable future." What does "insufficiently specific and actionable" mean?

SO ORDERED.

Dated: April 22, 2021
     New York, New York

                          _____
                          Vernon S. Broderick
                          United States District Judge