```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
UNITED STATES OF AMERICA,                                   :
                                                            :
                                                            :
                                                            :
              - against -                                   :     18-cr-830 (VSB)
                                                            :
                                                            :     OPINION & ORDER
MUHAMMAD KHALID KHAN,                                       :
                                                            :
                               Defendant.                   :
                                                            :
------------------------------------------------------------X
```

VERNON S. BRODERICK, United States District Judge:

Before me is the motion of Muhammad Khalid Khan ("Defendant" or "Khan") seeking compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) for a sentence reduction ("Motion").[1]  Because Defendant has demonstrated extraordinary and compelling circumstances warranting a sentencing reduction and is not a danger to the community, the motion is GRANTED.

## I. Background and Procedural History

Khan was indicted for narcotics importation and money laundering on November 15, 2018.  (*See* Doc. 1.)  After being indicted, Khan proffered with the Government on three occasions.  However, the Government determined that "the information Khan provided was limited, and insufficiently specific and actionable to provide substantial assistance in the foreseeable future."  (*See* Opp. 1.)[2]  Therefore, the Government declined to offer Khan a cooperation agreement.  (*Id.*)

---

[1] Defendant's Motion was not filed on the docket due to the sensitive information contained therein.

[2] "Opp." refers to the Government's opposition to Defendant's Motion filed on May 9, 2022.  (Doc. 72.)

On November 10, 2020, Defendant pleaded guilty to one count of attempt to import and distribute one kilogram or more of heroin in violation of 21 U.S.C. §§ 963, 959(a) and (d), and one count of international promotional money laundering during the same period, in violation 18 U.S.C. § 1956(a)(3)(A) and (2).  (*See* Doc. 41.)  I calculated Kahn's "offense level [as] 33 and criminal history category I, [resulting in] the guideline range [of] 135 to 168 months' imprisonment."  (*See* Tr. 14.)[3]  This was consistent with the plea agreement which contained a stipulated Guidelines range of 135 to 168 months' imprisonment.  (Opp. 2.)  The Probation Department recommended a sentence of approximately 120 months' imprisonment, while noting that Khan met the criteria for safety valve relief from the 10-year mandatory minimum associated with his drug trafficking offense.  (*See* Doc. 48, at 6; Opp. 2.)

On April 23, 2021, I sentenced Khan to 64 months' imprisonment on each count to run concurrently, and three years of supervised release on each count to run concurrently.  (*See* Doc. 58; Tr. 37:14-19.)  In reaching a determination that 64 months was the appropriate sentence for Khan I considered, among other things, Khan's (1) conditions of confinement during the COVID-19 pandemic, (2) health, (3) attempts to cooperate, and (4) family circumstances.  (*See* Tr. 35–37.)  Khan subsequently filed an appeal of his sentencing.  Khan is currently serving his sentence and is scheduled to be released on September 22, 2023.  (Opp. 3.)

On June 14, 2021, Khan filed his Motion for compassionate release with a *pro se* letter ("Letter").  (Doc. 61.)  On June 30, 2021, Khan filed a supplemental letter in support of his Motion; on November 1, 2021, Khan filed his second supplement letter (together, "Supplement Letters").  In response to Khan raising that he was not receiving effective treatment for his deteriorating eye condition in his compassionate release motion, I ordered the Bureau of Prisons

---

[3] "Tr." refers to the transcript of Kahn's sentencing on April 23, 2021.

2

to provide further medical treatment for Khan's eyes.  (Doc. 61.)  Khan thereafter requested counsel in connection with his Motion, (Doc. 63), and I subsequently entered an order for counsel appointment pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A.  (Doc. 64.)  After the CJA counsel was appointed, counsel filed a supplemental letter in support of Khan's Motion on April 22, 2022, (Doc. 71 ("Counsel's Letter" or "Counsel Ltr.")).  On May 9, 2022, the Government filed its opposition to Khan's Motion and Counsel's Letter.  (Doc. 72 ("Opp.").)  On November 21, 2022, Khan filed a letter notifying me that his request to withdraw his appeal had been granted by the Second Circuit.  (Doc. 75.)

## II.  Applicable Law

Although a court may not normally modify a term of imprisonment once it has been imposed, "compassionate release" is among the limited exceptions to this restriction.  *United States v. Demaria*, No. 17 CR. 569 (ER), 2020 WL 1888910, at *2 (S.D.N.Y. Apr. 16, 2020).  The compassionate release statute, Section 3582(c)(1)(A)(i), permits a court to "reduce" a term of imprisonment, after considering the factors set forth in 18 U.S.C. § 3553(a), "if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."[4]  18 U.S.C.

---

[4] The relevant Sentencing Commission policy statement is nominally found in United States Sentencing Commission Guidelines Manual 2021, Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) § 1B1.13 (2021).  However, this policy statement was last amended November 1, 2018.  As of the date of this filing, amendments accounting for the passage of the First Step Act, which changed the operation of 18 U.S.C. § 3582(c)(1)(A), were still pending.  *See United States v. Russo*, 454 F. Supp. 3d 270, 273 (S.D.N.Y. 2020) ("U.S.S.G. § 1B1.13 has not been amended since the First Step Act permitted a defendant to move for compassionate release over the objection of the Bureau of Prisons"); United States Sentencing Commission, U.S. Sentencing Commission Seeks Comment on Proposed Revisions to Compassionate Release, Increase in Firearms Penalties (January 12, 2023), available at https://www.ussc.gov/about/news/press-releases/january-12-2023; United States Sentencing Commission, Sentencing Guidelines for United States Courts, 88 Fed. Reg. 22, 7180 (Feb. 2, 2023), available at https://www.govinfo.gov/content/pkg/FR-2023-02-02/pdf/2023-01346.pdf.  Thus, "Guideline § 1B1.13 is not 'applicable' to compassionate release motions brought by defendants" and district courts retain "discretion to consider whether any reasons are extraordinary and compelling."  *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020).

§ 3582(c)(1)(A).  The movant bears the burden of demonstrating that "his proffered circumstances are indeed extraordinary and compelling such that, in light of these § 3553(a) factors, a sentence reduction is justified under § 3582(c)(1)(A) and would not simply constitute second-guessing of the sentence previously imposed." *United States v. Keitt*, 21 F.4th 67, 71 (2d Cir. 2021) (internal quotation marks omitted); s*ee also United States v. Ebbers*, 432 F. Supp. 3d 421, 426–27 (S.D.N.Y. 2020) (citing *United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992) ("A party with an affirmative goal and presumptive access to proof on a given issue normally has the burden of proof as to that issue.")); *United States v. Clarke*, No. 09 Cr. 705(LAP), 2010 WL 4449443, at *1 (S.D.N.Y. Oct. 29, 2010) ("[I]f the defendant seeks decreased punishment, he or she has the burden of showing that the circumstances warrant that decrease.") (quoting *Butler*, 970 F.2d at 1026); *cf. United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013) ("[A] defendant, as the § 3582(c)(2) movant, bears the burden of establishing that a retroactive amendment has actually lowered his guidelines range in his case.").

Under the compassionate release statute, a prisoner may only move the court for compassionate release after he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *United States v. Afanasyev*, No. 17 CR. 350 (LAP), 2020 WL 6395303, at *1 (S.D.N.Y. Oct. 30, 2020) (cleaned up).  In considering a compassionate release request, a court may "consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release." *Id*.

Where the exhaustion requirement is met, the compassionate release statute allows for a court to modify a defendant's sentence "after considering the factors set forth in 18 U.S.C. §

4

3553(a)"[5], if "it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *United States v. Ng Lap Seng*, No. S5 15-CR-706 (VSB), 2021 WL 961749, at *2 (S.D.N.Y. Mar. 15, 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)). Courts have "discretion to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before [the court] in motions for compassionate release", and "neither Application Note 1(D), nor anything else in the now-outdated version of Guideline § 1B1.13" of the United States Sentencing Guidelines limits a court's discretion. *Brooker*, 976 F.3d at 236.

### III. Application

Khan seeks compassionate release on grounds that (1) his counsel was ineffective at sentencing; (2) I failed to consider "established law" and certain mitigating factors during sentencing; (3) he suffers from multiple medical and mental health conditions and has not received appropriate medical treatment at his current facility; (4) he has made consistent and genuine effort to better himself in prison; (5) his family circumstances has deteriorated since the sentencing; and (6) his incarceration was made more severe because of the pandemic and the associated lockdowns. (*See* Counsel Ltr. 1–5 (citing to relevant parts of Counsel's Letter and the Supplement Letters).) In opposition, the Government argues that Khan's Motion should be denied, because Khan has not shown that his circumstances rise to the level of "extraordinary

---

[5] The § 3553 factors include "the nature and circumstances of the offense and the history and characteristics of the defendant," the need for the sentence imposed "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," "to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner," as well as "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. §§ 3553(a)(1), (a)(2), (a)(6). In conducting the § 3553(a) analysis, "[a] district court is not required to 'discuss every § 3553(a) factor individually' or to make 'robotic incantations' in sentencing decisions." *United States v. Cabassa*, No. 19-3874-cr, 2021 WL 28150, at *2 (2d Cir. Jan 5, 2021) (quoting *United States v. Rosa*, 957 F.3d 113, 118 (2d Cir. 2020)).

and compelling reasons" to grant compassionate release. The Government also argues that, in any case, I lack jurisdiction to grant the Motion due to Khan's pending appeal before the Court of Appeals.[6] The Government does not challenge Khan's assertion that he has exhausted his administrative remedies.

### A. *Collateral Challenges*

As an initial matter, Khan's arguments regarding purported legal errors during his guilty plea and sentencing do not provide grounds for compassionate release. Although a district court has discretion to "to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before [it] in motions for compassionate release[,]" *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020), the Court of Appeals has recently clarified that "claims regarding the validity of [Defendant's] conviction and sentence . . . [are] not a proper basis" for a compassionate release motion. *United States v. Jacques*, Nos. 20-3276, 21-1277, 2022 WL 894695, at *2 (2d Cir. Mar. 28, 2022) (joining other Circuits who have ruled the same). This is because "[c]ompassionate release is a mechanism for . . . sentence reduction for compelling reasons, not for remedying potential errors in a conviction." *Id*. (citing *United States v. Musgraves*, 840 F. App'x 11, 13 (7th Cir. 2021)). Allowing Khan to now argue that he did not receive effective assistance of counsel, or that I did not consider certain facts or law relevant to his sentencing, would effectively "enable him to pursue habeas relief through a compassionate release motion and thereby evade the procedural limitations on brining habeas claims." *Id*. This would be improper and I decline to do so.

### B. *Extraordinary and Compelling Circumstances*

Khan suffers from a litany of health conditions, including: iridocyclitis, which has

---

[6] This argument has been mooted by the fact that Khan subsequently withdrew his appeal. *See* Doc. 75.

impaired his vision; an eye infection requiring specialist treatment; hemorrhaging in the anus and rectum; chronic rhinitis; chronic periodontitis; a hole in his ear requiring surgery; back pain; high cholesterol; and chronic gastro-intestinal issues. He was also diagnosed as HLA-B27+, suggesting a "greater-than-average risk for developing or having certain autoimmune disorders." HLA-B27 Antigen MOUNT SINAI HEALTH SYSTEM, https://www.mountsinai.org/health-library/tests/hla-b27-antigen (last visited Mar 31, 2023). He has also been diagnosed with major depressive disorder and anxiety disorder, and takes medication for these conditions. In the Second Circuit, and other districts, the COVID-19 pandemic has served as a significant basis for granting compassionate release motions. *See, e.g.*, *Brooker*, 976 F.3d at 238 (collecting cases). Because Khan suffers from high cholesterol and possible auto-immune issues, he may have an increased risk of severe illness if he were to contract the virus. Although Khan's health condition and heightened risk of COVID-19 complications do not alone suffice as an extraordinary and compelling reason, in combination with other factors raised in his compassionate release papers, they weigh towards granting a reduction.

In addition, although Khan does not satisfy the Sentencing Guidelines' requirements for compassionate release as a sole caregiver, U.S.S.G. § 1B1.13, application note 1(C) (noting that extraordinary and compelling family circumstances include the "incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner"), I will consider his need to care for his wife and children, his ailing mother, and his mentally ill brothers in Pakistan. In his supplemental letter motion for compassionate release, Khan submitted several letters from his family indicating the family's dire situation. Khan's wife does not work, and they have an infant son that she struggles to support. His mother is seriously ill and requires multiple visits to the hospital a

7

week, and three of his brothers are drug addicted and mentally ill. These circumstances have left his family in financial crisis. Khan's wife and mother have taken out personal loans to support the family that they cannot repay, and have exhausted their lines of credit. (Doc. 71.)

Lastly, Khan has demonstrated rehabilitation. He has completed 35 educational courses in a variety of subject areas, even though as a noncitizen he is ineligible from receiving time credits under the First Step Act.[7] Further, as stated above, Khan has only had one disciplinary citation while incarcerated. While "[r]ehabilitation . . . alone shall not be considered an extraordinary and compelling reason", I may consider it in combination with the other factors to meet the extraordinary and compelling standard. *Brooker*, 976 F.3d at 238 (quoting 28 U.S.C. § 994(t)).

Taking all of these circumstances together, I conclude that extraordinary and compelling circumstances exist for release.

### C. *Sentencing Factors*

I now turn to considering the § 3553(a) factors to analyze whether they override Khan's extraordinary and compelling circumstances warranting compassionate release. I find that they do not.

As stated above, the § 3553 factors include "the nature and circumstances of the offense and the history and characteristics of the defendant," the need for the sentence imposed "to reflect the seriousness of the offense, to promote respect for the law, and to provide just

---

[7] The BoP issued a Change Notice implementing changes to the implementation of 18 U.S.C. § 3632(d)(4). Following the change, inmates with unresolved immigration status who meet the First Step Act eligibility but were not the subject of a final order of removal under immigration laws became eligible for First Step Act time credits ("FRC"). BOP Change Notice, First Step Act of 2018 – Time Credits: Procedures for Implementation of 18 U.S.C. § 3632(d)(4) at 3 & § 10, 5 https://www.bop.gov/policy/progstat/5410.01_cn2.pdf (Feb. 6, 2023). Plaintiff continues to be ineligible for FRCs under the new procedures as he is subject to a final order of removal under immigration laws. (Doc. 54.)

punishment for the offense," "to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner," as well as "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."  18 U.S.C. §§ 3553(a)(1), (a)(2), (a)(6).

Khan acknowledges that he was convicted for a serious drug-trafficking and money laundering offense.  However, I note that this is Khan's first offense, and while the crime was extremely serious, it did not involve violence, nor does anything in Khan's record suggest that he has been violent.  *See, e.g.*, *United States v. Sawicz*, 453 F. Supp. 3d 601, 606 (E.D.N.Y. 2020) (finding "the defendant does not pose such a danger to the public so as to outweigh the factors militating in favor of his release" where "neither the violation on which the defendant is currently serving his prison sentence nor the conduct involved in the underlying crime involved violence[.]")  Further, with the exception of one violation, Khan has a clean disciplinary record in prison.  In the past three years, Khan has only committed one minor disciplinary infraction for engaging in a three-way call with family members, for which he lost 27 days of good-time and email privileges for three months.  (Doc. 71.)

There is a further reason why Khan is unlikely to pose a danger to the community after release.  Khan has consented to deportation, and will be released into ICE custody pending his removal to Pakistan.  (Doc. 54.)  *See United States v. Francis*, No. 06 CR 80, 2021 WL 242461, at *2 (S.D.N.Y. Jan. 22, 2021) (granting a motion for compassionate release and finding that the defendant "will not pose a danger to any persons or to the community" because he was to be removed upon release).

Further, Khan has served 47 months of his sentence and is scheduled to be released on

September 22, 2023.  It is likely that he will spend several months in ICE custody pending his removal to Pakistan.  I also note that Khan cannot earn time-credits under the First Step Act and does not qualify for early-release to a halfway house or community-based programs like home-confinement.[8]  *See United States v. Bennett*, No. 05 CR. 1192-1 (NRB), 2020 WL 2539077, at *2 (S.D.N.Y. May 18, 2020).  Given these unique circumstances, I do not believe granting a 5-month reduction in his sentence on compassionate release grounds will undermine the goals of sentencing under § 3553(a), nor create unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct.

Taking the § 3553(a) factors together and in light of my analysis above, it is clear that the sentencing factors neither outweigh the extraordinary and compelling reasons warranting compassionate release nor undermine the goals of Defendant's sentence, which is already substantially complete.

### IV.    Conclusion

For these reasons, Defendant's motion for Compassionate Release is GRANTED.  The Federal Bureau of Prisons is further directed to notify the United States Immigration and Customs Enforcement that Defendant's sentence is complete.

The Clerk of Court is respectfully requested to mail a copy of this order to *pro se* Plaintiff.

---

[8] *See, supra* at 7.

SO ORDERED.

Dated: April 11, 2023
      New York, New York

Vernon S. Broderick
United States District Judge